IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNY RAY JOHNSON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:09-CR-413-ODE-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-2479-ODE-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant is confined at the federal prison in Atlanta, Georgia. Movant, pro se, filed a motion challenging his sentence under 28 U.S.C. § 2255. (Doc. 109 in 1:09-cr-413-ODE-LTW.)[1] Respondent opposes the motion. (Doc. 112.)

Movant also filed a one-page motion for counsel in the § 2255 proceedings. (Doc. 106.) Movant asks the Court to appoint Jay Strongwater because Strongwater was listed as stand-by counsel for Movant early in this case. (*Id.*)

There is no automatic right to counsel in a § 2255 proceeding. *See Shepherd v. United States*, 253 F.3d 585, 587 (11th Cir. 2001). Appointment of counsel in a § 2255 proceeding is warranted only when the interests of justice require it, which typically is when an evidentiary hearing is needed. *See* 18 U.S.C. § 3006A(a)(2)(B);

---

[1] All citations to the record are to 1:09-cr-413-ODE-LTW.

Rule 8(c) of the Rules Governing § 2255 Proceedings for the U.S. District Courts. An evidentiary hearing is unnecessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As explained below, the record conclusively shows that Movant is not entitled to relief under § 2255 because most of his claims are barred by the appeal waiver in his plea agreement and his other claims lack merit. Accordingly, Movant's motion to appoint counsel must be denied.

In December 2011, Movant entered a negotiated guilty plea to one count of mail fraud and one count of aggravated identity theft. (Doc. 80 ("Plea Tr.").) The mail fraud conviction carried a maximum sentence of twenty years' imprisonment. 18 U.S.C. § 1341. The aggravated identity theft conviction carried a minimum sentence of two years' imprisonment in addition to the fraud sentence. *Id.* § 1028A. The Court calculated the range of imprisonment under the U.S. Sentencing Guidelines (the "Guidelines") as eighteen to twenty-four months' imprisonment for the mail fraud conviction, but decided, based on its consideration of the sentencing factors in 18 U.S.C. § 3553(a), to exceed that range. (Doc. 89 ("Sent. Tr.").) The Court sentenced Movant to four years' imprisonment for the mail fraud conviction and an additional two years' imprisonment for the aggravated identity theft conviction. (*Id.*; Doc. 82.)

2

Movant's plea agreement contained the following provision:

> LIMITED WAIVER OF APPEAL:  To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, *except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court*.  The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

(Doc. 78-1 at 12 ("Plea Agr.") (emphasis added).)  The Court questioned Movant about the appeal waiver at the plea hearing.  (Plea Tr. at 10-11.)  The Court informed Movant that he was waiving his rights except for the right to file an appeal if the Court imposed a sentence above the Guidelines range or if Respondent appealed.  (*Id.*)  Movant told the Court he understood the appeal waiver.  (*Id.* at 11.)

Given the language in the appeal waiver highlighted above and the Court's imposition of a sentence above the Guidelines range, Movant filed a direct appeal.  (Doc. 83.)  Movant claimed on appeal that his sentence was procedurally and substantively unreasonable.  (Doc. 112-1.)  The U.S. Court of Appeals for the Eleventh Circuit rejected the claims and affirmed Movant's sentence.  (Doc. 96.)

3

Attorney Derek H. Jones represented Movant at his plea and sentencing hearings and on direct appeal.

Movant asserted eleven claims in his § 2255 motion. (Doc. 104 at 5-44.) Nine of those claims are that the Court erred at sentencing and Jones rendered ineffective assistance at sentencing. (*Id.*) The other claims are that Jones improperly represented three defendants in other criminal cases at the same time he represented Movant and that Jones was ineffective for not informing Movant of his right to appeal his case to the U.S. Supreme Court.   (*Id.* at 11-13 (ground three), 19-25 (ground five).) Respondent contends that the appeal waiver in Movant's plea agreement bars all but the last two claims and that all the claims lack merit. (Doc. 112.)

Movant's claims regarding sentencing and Jones' performance at sentencing are barred by the appeal waiver in his plea agreement.   An appeal waiver, including a waiver of the right to collaterally challenge a conviction or sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full

4

significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted). Both of those tests are satisfied here.

As discussed above, the Court questioned Movant about the appeal waiver at the plea hearing, and Movant understood it. (Plea Tr. at 10-11.) Movant also indicated his understanding of the appeal waiver by signing the plea agreement in two places. (Plea Agr. at 13-14.) The appeal waiver is clear and bars Movant from challenging his convictions or sentence under § 2255 in all circumstances. (*Id.* at 12.) Movant agreed to waive his right to file a direct appeal except in two limited circumstances and agreed to waive all rights to seek relief under § 2255. (*Id.*) Movant does not contend otherwise or challenge the appeal waiver. The record, including Movant's sworn statements at the plea hearing, would refute any such claim. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"). When a defendant knowingly and voluntarily executes an appeal waiver, courts must "enforce the appeal waiver according to its terms." *United States v. Buchanan*, 131 F.3d 1005, 1009 (11th Cir. 1997).

The appeal waiver also likely bars Movant's claim that Jones rendered ineffective assistance by not informing Movant that he could seek a writ of certiorari

5

from the U.S. Supreme Court after the Eleventh Circuit affirmed his judgment of conviction. But even if it does not, the claim fails on its merits. This Court recently held that the Sixth Amendment right to counsel is not denied when a criminal defense lawyer fails to inform his client of the right to seek rehearing or certiorari review from a federal appeals court's judgment or fails to pursue such relief on behalf of the client. *Flores-Cruz v. United States*, No. 1:11-CR-203-ODE-GGB, 2013 WL 5282440, at *7-8 (N.D. Ga. Sept. 16, 2013). The Court noted the great weight of authority supporting that position. *Id.* at *8. Movant has provided no contrary authority. Movant has not shown that he was denied effective assistance of counsel by Jones' failure to tell him of options for further appealing the Eleventh Circuit's decision.

Movant's last claim, which is not barred by the appeal waiver, is that he was denied effective assistance of counsel when Jones simultaneously represented three defendants in other criminal cases. (Doc. 104 at 19-25.) Movant identified those defendants and submitted copies of the case dockets listing their counsel of record. (*Id.*) Two of the three people – Cleymi Manon and Derrick Powell – are shown as having been represented by "David H. Jones." (*Id.* at 21-23.) Movant was represented by Derek H. Jones, which is a different person. The third person – Kenedis Bonilla – was represented by Derek H. Jones in case number 1:10-cr-86-RWS

6

in this Court at the same time Jones was representing Movant in this case. (*Id.* at 24.) Movant was not a party to Bonilla's case, and Bonilla was not a party to this case. As explained below, Movant has not identified, much less established, a conflict of interest in Jones' simultaneous representation of Bonilla in another case or that any conflict prejudiced Movant.

A criminal defendant's Sixth Amendment right to counsel is violated when his lawyer has an actual conflict of interest that adversely affects the lawyer's performance. *Mickens v. Taylor*, 535 U.S. 162, 173-74 (2002); *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980) ("In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."); *Schwab v. Crosby*, 451 F.3d 1308, 1322 (11th Cir. 2006). "To satisfy the 'actual conflict' prong, a defendant must show something more than a possible, speculative, or merely hypothetical conflict." *Reynolds v. Chapman*, 253 F.3d 1337, 1342-43 (11th Cir. 2001) (quotation marks omitted). The defendant must show that there were "inconsistent interests" by "point[ing] to specific instances in the record to suggest an actual conflict or impairment of their interests." *Id.* at 1343.

7

"To prove adverse effect, a defendant needs to demonstrate: (a) that the defense attorney could have pursued a plausible alternative strategy, (b) that this alternative strategy was reasonable, and (c) that the alternative strategy was not followed because it conflicted with the attorney's external loyalties."[2] *Id.* "If there is a guilty plea involved, this Court looks at whether the attorney's actual conflict adversely affected the defendant's decision to plead guilty." *Pegg v. United States*, 253 F.3d 1274, 1278 (11th Cir. 2001).

Movant's bare allegation that Jones improperly represented Bonilla at the same time he was representing Movant is wholly insufficient to show a constitutional violation because it does nothing more than suggest a possible conflict. *See Ferrell v. Hall*, 640 F.3d 1199, 1244 (11th Cir. 2011) ("[T]he mere possibility of conflict does not constitute a Sixth Amendment violation."). Movant's allegation is simply that Bonilla was a co-defendant of other people about whom Movant provided information to Respondent. (Doc. 104 at 19.) Movant provided no facts beyond that general

---

[2] If a defendant objects to the conflict before judgment and the court fails to inquire about it, the defendant need not show that the conflict adversely affected his lawyer's representation of him. *Mickens*, 535 U.S. at 167-74. But absent an objection, "the trial court's failure to make the *Sullivan*-mandated inquiry does not reduce the petitioner's burden of proof . . . to establish that the conflict of interest adversely affected his counsel's performance." *Id.* at 173-74. Movant raised no objection to Jones' alleged conflict of interest before judgment was entered in this case.

8

allegation. (*Id.*) Movant thus has not met his burden of pointing to specific facts that show inconsistent, conflicting interests in Jones' representation of Movant and Bonilla. *See Reynolds*, 253 F.3d at 1343. Movant is not entitled to relief under § 2255 on his conflict claim.[3]

It is not reasonably debatable that the appeal waiver in Movant's plea agreement bars most of the claims in his § 2255 motion and that he has not shown a constitutional violation as to the other claims, as discussed above. Because Movant has not substantially shown that he was denied a constitutional right, a certificate of appealability is not warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion [104] be **DENIED** and that civil action number 1:13-cv-2479-ODE-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate

---

[3] While his direct appeal was pending, Movant sent a letter to the court of appeals stating that he did not believe Jones would act in his best interests. (Doc. 112-2 at 1.) Movant identified no conflict of interest, but attached to the letter a newspaper article regarding Bonilla and two other gang members pleading guilty to federal crimes. (*Id.* at 2-4.) Jones filed with the court of appeals a response to Movant's letter, in which he stated there was no conflict of interest in his representation of Movant and Bonilla in separate cases. (Doc. 112-3.) The court of appeals construed Movant's letter as a motion to discharge Jones and denied it. (Doc. 112-4.)

9

of appealability be **DENIED**.  Movant's motion to appoint counsel [106] is **DENIED**.

**SO ORDERED & RECOMMENDED** this _1_ day of _February_ 2014.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

10