FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAR 05 2014

James N. Hatten, Clerk
BY: AMCauley
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNNY RAY JOHNSON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:09-CR-413-ODE-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-2479-ODE-LTW |

## ORDER

Movant is a federal prisoner who, pro se, seeks to vacate his sentence under 28 U.S.C. § 2255. (Doc. 104 in 1:09-cr-413-ODE-LTW.) Magistrate Judge Walker issued a Report and Recommendation that Movant's § 2255 motion and a certificate of appealability be denied. (Doc. 113 ("R&R").) Judge Walker found that the appeal waiver in Movant's plea agreement bars most of his claims and that he failed to show that his lawyer had a conflict of interest as required to prevail on the other claim. (*Id.*) Movant filed objections to the R&R. (Doc. 115.)

A district judge must conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). This review takes different forms, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R]

to which objection is made," 28 U.S.C. § 636(b)(1), while those portions of the R&R for which there is no objection are reviewed only for clear error, *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Movant's objections concern the claim in his § 2255 motion that his lawyer, Derek H. Jones, had a conflict of interest. (Doc. 115.) That claim was that Jones represented Movant at the same time he represented three people in other criminal cases who were co-defendants of people about whom Movant provided information to the government. (Doc. 104 at 19-25.) Judge Walker noted that the Court's records demonstrate that Jones did not represent two of the three people Movant identified. (R&R at 6-7.) And Movant did not explain how Jones' representation of the third person conflicted with his representation of Movant. Judge Walker thus found that Movant had not met his burden of showing that Jones had an actual conflict of interest – and not merely a possible or speculative conflict – that adversely affected his representation of Movant. (*Id.*); *see Mickens v. Taylor*, 535 U.S. 162, 173-74 (2002); *Reynolds v. Chapman*, 253 F.3d 1337, 1342-43 (11th Cir. 2001).

In his objections, Movant identifies another person that Jones represented, Moises Zapata, and contends that Zapata was a co-defendant of Johann Brito, a person about whom Movant provided information to the government. (Doc. 115 at 2.)

2

Zapata and Brito were not co-defendants. *See United States v. Cordero*, No. 1:11-cr-9-ODE-RGV (N.D. Ga. 2011) (case against Zapata and others, but not Brito); *United States v. Rosario*, No. 1:11-cr-60-ODE-RGV (N.D. Ga. 2011) (case against Brito and others, but not Zapata). Neither Zapata nor Brito were co-defendants in any case with Movant. Movant was the sole defendant in this case. Movant has offered nothing showing there was a conflict of interest in Jones representing Movant and Zapata in separate cases or that Movant was prejudiced by such representation.

Movant also presents in his objections new contentions regarding his conflict claim that he did not include in his § 2255 motion or any time before the R&R issued. Movant now contends that Jones was conflicted when he falsely told Movant that the government was not interested in information about Craig Petties, an inmate who made incriminating statements while in pre-trial detention that Movant relayed to a federal prosecutor in Tennessee. (Doc. 115 at 5-7, 14.) Movant contends that Jones similarly tried to prevent Movant from giving the government information about two lawyers that Jones knew by telling Movant the government was not interested. (*Id.* at 6-7.) Movant contends Jones retaliated against him when he provided the information about the lawyers, but does not specify what Jones allegedly did. (*Id.*) Movant contends that if Jones had acted in Movant's best interest the outcome of

3

Movant's sentencing would be different and that Jones "should be prosecuted for honest service fraud." (*Id.* at 14.)

The Court may decline to consider Movant's new claims presented for the first time in his objections to the R&R. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Even considering Movant's new claims, Movant has not shown that Jones had inconsistent interests that had an adverse effect on Movant's decision to plead guilty and waive his right to raise the other claims he raised in his § 2255 motion. It is not enough to simply show that Jones simultaneously represented Movant and other people who were tangentially related to yet other people about whom Movant provided unfavorable information to the government. Movant's allegations, even if true, require speculation and conjecture to find that an actual conflict of interest existed. The R&R correctly found that Movant's conflict claim thus fails.

Accordingly, the Court **OVERRULES** Movant's objections [115] and **ADOPTS** the R&R [113] as the opinion of the Court. Movant's § 2255 motion [104]

and a certificate of appealability are **DENIED**. Civil action number 1:13-cv-2479-ODE-LTW is **DISMISSED**.

**SO ORDERED** this 5 day of March, 2014.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

5